UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LEE H. STELLMACHER and
JEFFERY L. LARSON,

        Plaintiffs,

        v.                                            Case No. 22-cv-0453-bhl

MICHAEL J. MAGGIONCALDA,
MICHAEL SPONHOLZ,
MARK SCHOMISH,
APRIL SHULTZ,
STEVEN L. SISBACH,
DAVID BARKHAM,
W. WEISENSEL,
PETE GALLUM,
RANDALL HEPP,
MICHAEL MEISNER,
L. BARTOW,
JON LITSCHER,
CANDICE WHITMAN, and
RANDY MATTISON,

        Defendants.

---

## SCREENING ORDER

---

Plaintiffs Lee Stellmacher and Jeffery Larson, who are currently serving state prison sentences at Fox Lake Correctional Institution and representing themselves, filed a complaint under 42 U.S.C. §1983, alleging that their civil rights were violated.[1] Because Plaintiffs were prisoners at the time they initiated this case, each paid the $402 civil case filing fee. *See Turley v.*

---

[1] The header on Plaintiffs' complaint states: "United States District Court *Western* District of Wisconsin" (emphasis added). Plaintiffs mailed their complaint and subsequent filings to the *Eastern* District of Wisconsin, so the Court assumes this is a typographical error.

*Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010) ("prisoners may join their claims in a single action but must each pay a separate filing fee"). This matter comes before the Court to screen the complaint.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiffs allege that "the water at Fox Lake Correctional Institution smells and tastes disgusting, like there is iron or metal in it . . . ." They assert that it often has a brownish color, tastes like rust, and contains black floating particles. According to Plaintiffs, Defendants former Warden Randall Hepp, Warden Michael Meisner, and Health Services Manager Candace Whitman refused to provide Plaintiffs with bottled water even though they have high blood pressure and other chronic conditions that make them more susceptible to harm from the contaminated water. Plaintiffs further allege that, despite potential health concerns, Whitman refuses to test inmates for heavy metals. Plaintiffs acknowledge that Defendants "are making progress on [the] toxic drinking water system," but they assert that having to drink the water while the system is being repaired does not address the current and future harm they may suffer. Dkt. No. 1 at 5-6.

## THE COURT'S ANALYSIS

Plaintiffs purport to state Eighth Amendment claims based on the harm they may suffer from drinking contaminated water at Fox Lake Correctional. They acknowledge that efforts are being made to repair the water system, and nothing in the complaint suggests that those efforts are inadequate. Therefore, the Court cannot reasonably infer that Defendants are deliberately indifferent to the water quality. In fact, the Court notes that in February 2020, District Judge James Peterson of the U.S. District Court for the Western District of Wisconsin granted summary judgment in favor of the defendants on similar allegations. *Stapleton v. Carr*, 438 F. Supp. 3d 925 (W.D. Wis. 2020). After consolidating the cases of nineteen current or former prisoners at Fox Lake, Judge Peterson concluded that the undisputed facts presented to him showed that the Fox

Lake water had met health-based clean-water regulations for the prior several years, and that evidence that the water looked and tasted poorly was insufficient on its own to show that the water quality violated the Eighth Amendment. He also determined that the defendants were entitled to summary judgment because, given the defendants' efforts to fix the problem, the plaintiffs in those cases had failed to show that the defendants consciously disregarded the water safety.

Still, as Plaintiffs in this case highlight, the fact that the water may be of better quality in the future does not address the harm Plaintiffs may suffer from drinking the water before the repairs to the water system are completed. Under the Eighth Amendment, "prison officials must take reasonable measures to ensure an inmate's safety." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "To state a claim premised on prison officials' failure to protect him from harm, [a plaintiff] must allege that the defendants knew of and disregarded an 'excessive risk' to his 'health and safety.'" *Id*. (citing *Farmer*, 511 U.S. at 837). The Seventh Circuit has noted that prison officials "cannot deprive inmates of drinkable water." *Smith v. Dart*, 803 F.3d 304, 313 (7th Cir. 2015). And the U.S. Supreme Court has explained that "a remedy for unsafe conditions need not await a tragic event," suggesting that inmates can successfully complain about unsafe drinking water without waiting for the onset of symptoms. *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993).

Construing Plaintiffs' allegations broadly, which the Court must at this stage, the Court will allow Plaintiffs to proceed on deliberate indifference claims against former Warden Hepp, Warden Meisner, and Health Services Manager Whitman based on allegations that, despite allegedly significant health risks to Plaintiffs, they refuse to provide Plaintiffs with bottled water and/or testing for heavy metals while repairs to the water system are underway. To prevail on their claim, Plaintiffs will have to present evidence demonstrating that the water poses (or posed) a

4

particular risk of substantial harm to them because of their medical conditions and that Warden Hepp, Warden Meisner, and Health Services Manager Whitman were deliberately indifferent to that risk. Speculation or conjecture on the risk they face will not be sufficient to create a triable issue. *See Herzog v. Graphic Packaging Intern., Inc.*, 742 F.3d 802, 806 (7th Cir. 2014).

Plaintiffs fail to state claims against the remaining Defendants, most of whom are merely identified by job title without any allegations of direct involvement in the facts at issue. The Seventh Circuit has explained that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "[T]here is no general duty of rescue," so not "every public employee who knows (or should know) about a wrong must do something about it." *Id.* Nothing in the complaint suggests that the remaining Defendants have the capacity, responsibility, or authority to provide Plaintiffs with bottled water and/or testing for heavy metals. Accordingly, Plaintiffs fail to state claims against them on which relief can be granted. *See id.* at 595 ("[p]ublic officials do not have a free-floating obligation to put things to rights" and "no prisoner is entitled to insist that one employee do another's job").

**IT IS THEREFORE ORDERED** that John Maggioncalda, Michael Sponholz, Mark Schomish, April Schulz, Steven Sisbach, David Barkhahn, W. Weisensel, Pete Gallum, L. Bartow, Jon Litscher, and Randy Mattison are **DISMISSED** based on Plaintiffs' failure to state a claim against them.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiffs' complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Randall Hepp, Michael Meisner, and Candace Whitman.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Hepp, Meisner, and Whitman shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiffs are further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. **Plaintiffs are warned that, pursuant to Fed. R. Civ. P. 11(a), the Court will strike any filing that is not signed by both Plaintiffs.**

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiffs may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on May 18, 2022.

s/ *Brett H. Ludwig*<br>
BRETT H. LUDWIG<br>
United States District Judge

7

Case 2:22-cv-00453-BHL   Filed 05/18/22   Page 7 of 7   Document 3